# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

                               Case No. 16-10015-EFM

EDWARD WALKER,

    *Defendant.*

## MEMORANDUM

This memorandum is in response to Defendant's Objection Number 1 to the Presentence Investigation Report ("PSR") prepared in this case (Doc. 43). Defendant Edward Walker objected to Paragraph 21 of the PSR, arguing his 1998 conviction for aggravated robbery should not have been classified as a "crime of violence." The Court reviewed the parties' briefs and heard the parties' oral arguments at the sentencing hearing held on June 9, 2017. At the hearing, the Court sustained Walker's objection. The purpose of this memorandum is to memorialize the Court's ruling.

## I.      Factual and Procedural Background

On August 16, 2016, Defendant Edward Walker pleaded guilty to violating 18 U.S.C. § 922(g)—possession of a firearm by a prohibited person. Before Walker's sentencing, the U.S. Probation Office prepared a PSR using the 2015 Guidelines Manual. The

guideline for § 922(g) offenses is found in § 2K2.1 of the Guidelines.  That section provides that an offense involving the possession of a firearm after sustaining at least one felony conviction of either a "crime of violence" or a "controlled substance offense" has a base offense level of 20.[1] But if the offender has not previously been convicted of a "crime of violence," and is instead merely a "prohibited person at the time the defendant committed the instant offense," then the base offense level would only be 14.[2]

In 1998, Walker was convicted of aggravated robbery in Sedgwick County District Court, Wichita, Kansas.  He was sentenced to 89 months' custody.  The Complaint filed in the 1998 case alleged that

> On or about the 16th day of November, 1997, A.D., one Edward L. Walker did then and there unlawfully, take property, to-wit: a Tommy Hilfiger jacket, from the person or presence of another, to-wit: [Victim 1] and [Victim 2], by force or threat of bodily harm to a person, to-wit: [Victim 1] and [Victim 2], while Edward L. Walker was armed with a dangerous weapon, to-wit: black handgun.

Probation concluded that Walker's aggravated robbery conviction qualified as a "crime of violence," and applied the base offense level of 20 accordingly.  Probation reasoned that the statutory definition of aggravated robbery, as defined in K.S.A. § 21-3427, has "as an element the use, attempted use, or threatened use of physical force against the person of another," and the "force" required by the statute is "violent force," as set out in *Johnson v. United States*.[3]

After reviewing the PSR, Walker objected to Probation's decision to apply the base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A).  He contended that Kansas aggravated robbery does not qualify as a "crime of violence," and his base offense level should have been 14

---

[1] U.S.S.G. § 2K2.1(a)(4)(A) (2015).

[2] U.S.S.G. § 2K2.1(a)(6) (2015).

[3] 559 U.S. 133 (2010).

under § 2K2.1(a)(6), based on his assertion that he "was a prohibited person at the time the defendant committed the instant offense."

## II.    Discussion

The sole issue before the Court was whether aggravated robbery, as defined in K.S.A. § 21-3427, qualified as a "crime of violence," thus warranting a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A).  The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause").[4]

Although "physical force" is not defined by the Guidelines, the U.S. Supreme Court held in *Johnson* that "physical force" means "violent force," which is a "force capable of causing physical pain or injury to another person."[5]  Mere offensive touching will not suffice.[6] Accordingly, Walker's prior conviction would only qualify as a crime of violence if the statute requires the use, attempted use, or threatened use of violent, physical force against the person of another.

At the time of Walker's conviction, Kansas defined simple robbery as "the taking of property from the person or presence of another by force or by threat of bodily harm to any

---

[4] U.S.S.G. § 4B1.2(a)(1); *see also* U.S.S.G. § 2K2.1 App. N. 1 (providing that "crime of violence," as used in § 2K2.1 "has the meaning given that term in § 4B1.2(a) . . . .").

The term "crime of violence" is also defined as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).  However, the parties' arguments only implicate the elements clause, so the Court will confine its analysis accordingly.

[5] *Johnson*, 559 U.S. at 134.

[6] *See id.* at 139–42.

person."[7]  K.S.A. § 21-3427 then provided: "Aggravated robbery is a robbery . . . committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery."  Although the simple robbery statute (K.S.A. § 21-3426) is indivisible,[8] the aggravated robbery statute (K.S.A. § 21-3427) is divisible because it sets out elements of the offense in the alternative, creating two distinct offenses.  First, the aggravated robbery statute criminalizes robbery "committed by a person who is armed with a dangerous weapon . . . ."[9]  Second, it criminalizes robbery "committed by a person . . . who inflicts bodily harm upon any person in the course of such robbery."[10]  Accordingly, the Court employed the modified categorical approach to determine which of these alternative offenses formed the basis of Walker's prior conviction.[11]

The Complaint relating to Walker's conviction clearly shows that Walker was charged with aggravated robbery committed by a person who is armed with a dangerous weapon ("armed robbery").  Thus, the Court had to determine whether that offense constitutes a "crime of violence" under the Guidelines' elements clause.  Put another way, the issue became whether "the taking of property from the person or presence of another by force or by threat of bodily

---

[7] K.S.A. § 21-3426 (1998) (current version at K.S.A. § 21-5420(a)).

[8] *See United States v. Nicholas*, --- F. App'x ---, 2017 WL 1429788, at *3 (10th Cir. 2017) ("The parties agree that the Kansas robbery statute is indivisible.").

[9] K.S.A. § 21-3427 (1998) (current version at K.S.A. § 21-5420(b)(1)).

[10] K.S.A. § 21-3427 (1998) (current version at K.S.A. § 21-5420(b)(2)).

[11] *See United States v. Antonio-Agusta*, 672 F.3d 1209, 121 (10th Cir. 2012) (providing that in cases where the statute is ambiguous "a court can look beyond the statute to certain records of the prior proceeding, such as to charging documents, the judgment, and the terms of a plea agreement" to determine whether the prior conviction warrants an enhancement); *see also United States v. Venzor-Granillo*, 668 F.3d 1224, 1229 (10th Cir. 2012) (explaining that if the conviction is evaluated under the Guidelines' elements clause, the modified categorical approach has a narrow application; judicial records may be consulted "only 'to determine which part of the statute was charged against the defendant and, thus, which portion of the statute to examine on its face.' ") (quoting *United States v. Zuniga-Soto*, 527 F.3d 1110, 1121 (10th Cir. 2008)).

harm to any person" committed "by a person who is armed with a dangerous weapon"[12] requires the use, attempted use, or threatened use of violent, physical force against the person of another.

This determination involves a two-step inquiry: first, the Court "must identify the minimum 'force' required by [Kansas] law for the crime of [aggravated] robbery;" second, the Court must "determine if *that* force categorically fits the definition of physical force" required by the Guidelines.[13]

Walker argued that under *United States v. Nicholas*,[14] Kansas simple robbery is not a crime of violence. And according to Walker, Kansas armed robbery "can be simply a robbery while in possession of a weapon," thus it is not a crime of violence because the statute "does not require an intentional threat to the victim," and "does not require the infliction or threat of serious bodily injury." The Government countered that *Nicholas* should not dictate the outcome here, because armed robbery requires the added element of "armed with a dangerous weapon." This dangerous weapon requirement, the Government asserted, is sufficient to "meet the threat of force or injury requirement used by the Tenth Circuit."

A.    **The *Nicholas* Decision**

In *Nicholas*, the Tenth Circuit held that a conviction for simple robbery under K.S.A. § 21-3426 required nothing more than de minimis physical contact or the threat of physical contact.[15] This does not rise to the level of "violent force," and therefore did not qualify

---

[12] K.S.A. §§ 21-3426, 21-3427 (1998).

[13] *See United States v. Harris*, 844 F.3d 1260, 1264 (10th Cir. 2017).

[14] --- F. App'x ---, 2017 WL 1429788 (10th Cir. 2017).

[15] *Id.* at *3.

as a "violent felony" under the elements clause of the Armed Career Criminal Act ("ACCA").[16] In other words, Kansas simple robbery—"the taking of property from the person or presence of another by force or by threat of bodily harm to any person"—does not require the use, threatened use, or attempted use of "violent force."

In reaching this conclusion, the *Nicholas* Court first looked to Kansas law to determine the minimum force required by Kansas law to sustain a robbery conviction. In *State v. McKinney*,[17] the Kansas Supreme Court concluded that "the mere act of snatching [a] purse 'constituted the threat of bodily harm' required for a robbery conviction."[18] Accordingly, the *Nicholas* Court concluded that "mere purse-snatching" was the lowest level of conduct that could support a conviction under the statute.[19]

Having determined the minimum force necessary under Kansas law to support a robbery conviction, the *Nicholas* Court then considered whether that force categorically fit the definition of "physical" or "violent force"—force capable of causing physical pain or injury to another person. The court recited two decisions from other circuits—*United States v. Parnell*[20] and *United States v. Bell*.[21] Both of these cases concluded that the relevant robbery statute at issue in the case could be applied to conduct falling short of violent force. Thus, the two robbery statutes

---

[16] *Id.*

[17] 265 Kan. 104, 961 P.2d 1 (1998).

[18] *Nicholas*, 2017 WL 1429788, at *3 (quoting *McKinney*, 961 P.2d at 8).

[19] *Id.* at *4 (citing *McKinney*, 961 P.2d at 9).

[20] 818 F.3d 974, 979 (9th Cir. 2016).

[21] 840 F.3d 963, 964–67 (8th Cir. 2016).

analyzed in *Parnell* and *Bell* did not require the use, attempted use, or threatened use of physical force.

In *Parnell*, the Massachusetts armed robbery statute encompassed the "snatching of a purse from a victim's hand," which the court determined "does not constitute force 'capable of causing physical pain or injury to another person.' "[22]  And in *Bell*, the Missouri robbery statute supported a conviction based on testimony that the defendant "bumped" the victim's shoulder, "yanked" her purse away, and engaged in a "slight" struggle with the victim over the purse.[23]  Under these facts, the *Bell* majority concluded that the robbery statute could be applied to conduct falling short of violent force.[24]  In other words, the robbery statutes at issue in *Parnell* and *Bell* could both support a robbery conviction based upon the use of de minimis physical contact—which does not constitute force capable of causing physical pain or injury to another person.

The Tenth Circuit in *Nicholas* was unable to see an appreciable difference between the degree of force necessary to sustain a conviction under the robbery statutes at issue in *Parnell* and *Bell*, and the minimum force required by Kansas law to sustain a robbery conviction (mere purse snatching).  Accordingly, the Tenth Circuit concluded that "Kansas robbery does not necessarily require the use, attempted use, or threatened use of violent force against the person of another."[25]

---

[22] *Parnell*, 818 F.3d at 979 (quoting *Johnson*, 559 U.S. at 140).

[23] *Bell*, 840 F.3d at 966.

[24] *Id.*

[25] *Nicholas*, 2017 WL 1429788, at *5.

Shortly after *Nicholas* was decided, this Court applied *Nicholas* (holding that Kansas simple robbery was not a "violent felony" under the ACCA's elements clause) to hold that Kansas simple robbery was not a "crime of violence" under the Guidelines' elements clause.[26] While instructive, these cases only solve one-half of the equation—Kansas simple robbery does not require the use of "violent force." But Walker's crime of conviction was for armed robbery under K.S.A. § 21-3427—which is simple robbery "committed by a person who is *armed with a dangerous weapon*"[27] As such, the Court was presented with the issue of whether the additional element of being armed with a dangerous weapon necessitates the use of a greater degree of force. It does not.

## B.     Armed Robbery Is Not a Crime of Violence

The minimum "force" required by Kansas law for the crime of armed robbery is indistinguishable from the minimum "force" required for the crime of simple robbery. In *State v. Buggs*,[28] the Kansas Supreme Court explained the distinction between simple and armed robbery. The court wrote:

> The statute requires only that the robber be "armed with" a dangerous weapon, not that he use it or that the victim be aware of its presence. The mere presence of the weapon makes the crime aggravated—presumably because of the increased danger of personal harm the legislature foresaw from such presence, whether the weapon is used or not.[29]

---

[26] *United States v. Reed*, 2017 WL 1908593, at *3 (D. Kan. 2017) (applying *Nicholas* to conclude that Kansas simple robbery was not a "crime of violence" under the Guidelines' elements clause because, under Tenth Circuit precedent, interpretations of the ACCA's elements clause apply with equal force to the Guidelines' elements clause and vice-versa).

[27] K.S.A. § 21-3427 (1998) (emphasis added).

[28] 219 Kan. 203, 547 P.2d 720 (Kan. 1976).

[29] *Id.* at 725.

Thus, any robbery—even "mere purse-snatching"—committed while concealing a dangerous weapon would constitute armed robbery under K.S.A. § 21-3427. The robber would not need to use the weapon, and the victim would not even need to be aware of its presence. Accordingly, "mere purse-snatching" is the minimum "force" required to support a conviction for armed robbery. And, under *Nicholas*, such de minimis contact does not rise to the level of "violent force," i.e., force capable of causing physical pain or injury.

For that reason, the Court agreed with Walker that the addition of the "dangerous weapon" element is not enough to satisfy the requirement of "physical force" under the Guidelines' elements clause. Of course, armed robbery is a serious and dangerous crime. And, as noted by the Kansas Supreme Court, the presence of a dangerous weapon may increase the danger of personal harm.[30] "The mere fact that an individual is armed, however, does not mean he or she has used the weapon, or threatened to use it, in any way."[31] Again, *Buggs* established that armed robbery does not require that the defendant use or display a weapon, or even make the victim aware of its presence.[32] "There is a material difference between the presence of a weapon, which produces a *risk* of violent force, and the actual or threatened use of such force."[33] Only the latter falls within the Guidelines' elements clause.[34] The mere possession of a weapon,

---

[30] *Id.*

[31] *United States v. Parnell*, 818 F.3d at 980.

[32] *Buggs*, 547 P.2d at 725.

[33] *Parnell*, 818 F.3d at 980 (emphasis in original).

[34] Offenses presenting only a risk of violence would fall within the Guidelines' residual clause. *See* U.S.S.G. § 4B1.2(a)(2) (2015) ("The term 'crime of violence' means any offense . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.").
  However, the U.S. Sentencing Commission promulgated an amendment to § 4B1.2, which modified the 2015 Manual. This amendment "eliminates the residual clause in the career offender guideline definition of 'crime of violence.'" Patti B. Saris, *Definition of Crime of Violence* (Aug. 1, 2016), *as reprinted in* U.S. Sentencing Comm., Supplement to the 2015 Guidelines Manual (2015). "Upon the August 1, 2016, effective date, the amended

therefore, does not bring the offense of Kansas armed robbery within the Guidelines' elements clause.

As a final note, the Court recognizes that this decision is distinguishable from a similar case it recently decided, *United States v. Corral-Garcia*.[35] In that case, this Court acknowledged that Kansas simple assault (placing someone in immediate apprehension of bodily harm) did not require the threatened use of "violent force."[36] However, this Court ultimately held that aggravated assault—that is, simple assault committed *with a deadly weapon*—did in fact require the threatened use of "violent force."[37] Thus, in *Corral-Garcia* the addition of the "deadly weapon" element transformed an insufficient degree of force into the necessary "violent force."

Although the Court reached the opposite conclusion in this present case, *Corral-Garcia* is distinguishable because the Kansas aggravated assault statute requires that the defendant *use* a deadly weapon during the commission of the assault.[38] So while simple assault is merely placing

---

guidelines, as set forth in this document, will supersede the versions of §§ 4B1.1 and 4B1.2 set forth in the 2015 *Guidelines Manual* . . . and, together with the rest of the 2015 *Guidelines Manual*, will constitute the operative *Guidelines Manual*. *Id.*

[35] 2017 WL 1437330 (D. Kan. 2017).

[36] *Id.* at *11.

[37] *Id.*

[38] *See, e.g.*, *State v. Kuykendall*, 264 Kan. 647, 957 P.2d 1112, 1116 (1998) ("Aggravated assault is intentionally threatening to do bodily harm, with the apparent ability to cause bodily harm. That conduct resulted in immediate apprehension of bodily harm and that the defendant *used* a deadly weapon." (emphasis added)). To be clear, under Kansas law a defendant does not need to actually use a *deadly* weapon, as a deadly weapon is simply an instrument used in such a manner as to communicate to the person threatened an apparent ability to inflict death or serious injury. *See State v. Deutscher*, 225 Kan. 265, 589 P.2d 620, 625 (1979). Thus, an ordinary object used in a deadly manner still qualifies. *See State v. Bowers*, 239 Kan. 417, 721 P.2d 268, 274 (1986). However, in all circumstances, a conviction for assault with a deadly weapon can only result if the defendant *used* an instrument in a manner that communicates to the victim that the object is capable of inflicting death or serious injury. A conviction cannot arise from committing a simple assault while in possession of a deadly weapon, without displaying or making the victim aware of the weapon's presence.

someone in apprehension of being harmed,[39] aggravated assault is placing someone in apprehension of being harmed with a *deadly weapon*.[40] Threatening to harm someone with a deadly weapon clearly implicates a greater degree of threatened force than simply threatening to harm someone.

Yet Kansas armed robbery does not necessarily require the defendant to use or threaten to use a greater degree of force than necessary to support a simple robbery conviction. A conviction for armed robbery can result without the defendant ever using or displaying a weapon; the victim does not even need to know such a weapon exists. In such a case, the defendant has not used a greater degree of force (as compared to simple robbery), and the defendant has not threatened the use of a greater degree of force. Thus, the Court's conclusion in this case is entirely compatible with its holding in *Corral-Garcia*.

### III.     Conclusion

Because Kansas armed robbery does not require the use or threatened use of a greater degree of force than simple robbery, Walker's conviction cannot constitute a crime of violence under the Guidelines' elements clause. Therefore, the Court sustained Walker's Objection Number 1 to the PSR.

Dated this 9th day of June, 2017.


*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[39] *See* K.S.A. § 21-3408 (2007) (current version at K.S.A. § 21-5412(a)).

[40] *See* K.S.A. § 21-3410(a) (2007) (current version at K.S.A. § 21-5412(b)(1)).